JASON J. BACH
Nevada Bar No. 7984
**THE BACH LAW FIRM, LLC**
7881 West Charleston, Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY WOLFE,<br><br>  *Plaintiff,*<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT; and DOES Individuals I through X; *inclusive*,<br><br>  *Defendants.* | Civil Action No. 2:22-cv-1709-JAD-BNW |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Tammy Wolfe ("<u>Plaintiff</u>" or "<u>Ms. Wolfe</u>"), by and through her undersigned counsel, hereby respectfully submits her Response in Opposition to the Motion to Dismiss [Dkt. No. 5] (the "<u>Motion</u>") filed by Defendant, Clark County School District ("<u>Defendant</u>" or "<u>CCSD</u>"). In support thereof, Ms. Wolfe states as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case arises as a result of the retaliatory treatment Ms. Wolfe endured while employed as a Special Education Teacher at Duane D. Keller Middle School ("<u>Keller</u>"), a constituent institution of CCSD. More specifically, as detailed in her Complaint, Ms. Wolfe alleges that CCSD retaliated against her via multiple reprimands and unfounded scrutiny regarding her classroom behavior after Ms. Wolfe repeatedly advocated on behalf of Keller's

disabled students in response to CCSD's failure to follow the federal regulations regarding the development, review, and revision of the disabled students' Individualized Educational Programs ("IEPs"). [Dkt. No. 1, ¶¶ 13–16, 25–41, 47–49, & 56–58.]

As a result of CCSD's retaliatory conduct, Ms. Wolfe initiated this lawsuit on October 10, 2022, asserting two claims for retaliation against CCSD in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*) ("ADA") and Section 504 of the Rehabilitation Act of 1974 ("Section 504"). CCSD has moved to dismiss both claims for failure to state a claim upon which relief can be granted, asserting that Ms. Wolfe has failed to state a *prima facie* case for retaliation under either statute.

CCSD's arguments are unavailing. Because Ms. Wolfe has plead allegations sufficient to establish a *prima facie* case for retaliation under both the ADA and Section 504, CCSD's Motion should be denied. Moreover, to the extent this Court finds that the Complaint is deficient, Ms. Wolfe respectfully requests that this Court enter an Order granting her leave to amend the Complaint.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move the Court for the dismissal of a complaint based upon its "failure to state a claim upon which relief can be granted." A complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). The plaintiff's facts need only show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To be plausible, a claim must plead factual allegations sufficient to allow "the court to draw a reasonable inference that the defendant is liable for the misconduct" above a "speculative level.").

In analyzing whether the complaint efficiently states a claim, a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker*

*v. Fred Meyer, Inc.,* 953 F.3d 1082, 1086 (9th Cir. 2020). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) (emphasis omitted).

### III.   ARGUMENT AND AUTHORITIES

Because Ms. Wolfe has plead allegations sufficient to establish a *prima facie* case for retaliation under both the ADA and Section 504, the Court should deny the Motion. Moreover, to the extent this Court finds the Complaint is deficient, Ms. Wolfe respectfully requests that this Court enter an Order granting her leave to amend the Complaint.

A.   **M**s. **W**olfe **H**as **S**ufficiently **stated a** *P*rima *F*acie **C**ase **for R**etaliation **U**nder the **ADA and S**ection **504.**

Ms. Wolfe has brought her retaliation claims under the ADA and Section 504. The ADA's anti-retaliation statute provides that:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203. Similarly, Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964, 29 U.S.C. § 729a(2), which provides that:

> No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the [Civil Rights Act] or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.

///

34 C.F.R. § 100.7(e). Because the two statutes are functionally equivalent, courts analyzing claims under either statute utilize the same framework under which a plaintiff can establish a *prima facie* case for retaliation by showing "(1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

CCSD concedes that Ms. Wolfe has alleged sufficient facts to show that she engaged in protected activity and that she has standing to assert her claims. [Dkt. No. 5, pp. 5–6.] CCSD asserts, however, that Ms. Wolfe has failed to allege facts sufficient to establish elements two (2) and three (3) of a *prima facie* case for retaliation: namely, that she suffered an adverse employment action and there is a causal connection between the protected activity and the adverse actions.

With respect to the second element, CCSD further concedes that Ms. Wolfe's allegations regarding the October 15, 2021, meeting in which Keller Assistant Principal, Rachelle Duggins-Tetlow, reprimanded Ms. Wolfe for emailing officials with CCSD's regional staff regarding several special educations students who were not being adequately served are sufficient to establish a *prima facie* case for retaliation. [Dkt. No. 5, p. 6.] CCSD seemingly takes issue with Ms. Wolfe's allegations that CCSD again reprimanded Ms. Wolfe for continuing to advocate regarding her ongoing, unaddressed concerns in March 2022 and that she was subject to unnecessary scrutiny regarding her classroom behavior in February 2022. [Dkt. No. 1, ¶¶ 36–37.] CCSD asserts that these allegations "lack the specificity required" to show that CCSD's actions constituted adverse employment actions.

This argument is unpersuasive given the Ninth Circuit's interpretation of an adverse employment action as "any action 'reasonably likely to deter employees from engaging in protected activity.'" *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (quoting *Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir.2000)). Here, Ms. Wolfe has alleged that, as a result of her engagement in a protected activity, she suffered adverse employment actions, including receiving reprimands in October 2021, and March 2022, and being unnecessarily referred to regional staff because of unfounded concerns about her

- 4 -

classroom management. [Dkt. No. 1, ¶¶ 33–38.] Unnecessary scrutiny of Ms. Wolfe's job performance after she complained of CCSD's failure to adequately serve its disabled students is conduct that is reasonably likely to deter employees from engaging in protected activity. This is further evidenced by the fact that, in February 2022, Ms. Wolfe had to seek urgent medical care as a result of the ongoing stress and difficulty arising from CCSD personnel in the performance of her job. [Dkt. No. 1, ¶ 36.] Ultimately, the harassment she suffered by CCSD forced her to resign from her position. [Dkt. No. 1, ¶ 41.] Finally, CCSD's call for Ms. Wolfe to attach her annual teacher evaluation to the Complaint in support of her claims is asking this Court to evaluate the veracity of Ms. Wolfe's allegations. This is improper. Instead, the Court must accept all of Ms. Wolfe's well-pleaded facts as true and view them in the light most favorable to her. *Walker*, 953 F.3d 1086. Thus, CCSD's argument should be rejected.

Considering CCSD's concession that Ms. Wolfe has alleged sufficient facts to show she suffered an adverse employment action on at least one occasion, the broad interpretation of the phrase "adverse employment action," and the Court's obligation to view the allegations in the Complaint in the light most favorable to her, Ms. Wolfe asserts that she has plead sufficient facts to establish the second element for a *prima facie* case of retaliation.

So, too, with respect to the third element of a *prima facie* case for retaliation: namely, that Ms. Wolfe has alleged sufficient facts to establish a causal connection between her complaints regarding CCSD procedures and the adverse employment actions to which CCSD subjected her. The Ninth Circuit has adopted a "but-for" causation standard to retaliation claims brought pursuant to the ADA. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). "But-for causation is often indicated by the words 'by reason of' and 'because of.'" *Skinner v. Newmont Mining Corp.*, No. 218CV01787KJDVCF, 2019 WL 3554705, at *3 (D. Nev. Aug. 2, 2019) (citing *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1017 n.7 (9th Cir. 2013))." Although a long temporal gap between the protected activity and adverse employment action may make it more difficult to show causation, circumstantial evidence of a pattern of antagonism following a protected

activity can also give rise to the inference of a causal link." *Id.* (citing *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005).

Here, while Ms. Wolfe did not expressly use the phrase "but-for" in the Complaint, the allegations regarding causation support the inference that Ms. Wolfe would not have been the subject of any adverse employment actions but-for her complaints regarding IEP documentation starting in October 2021 and continuing to her eventual resignation. Specifically, Ms. Wolfe alleged that "[a]s a direct result of Ms. Wolfe's engagement in the protected activity, Ms. Wolfe suffered adverse employment action, including, but not limited to, receiving reprimands in October 2021, and March 2022, and for her complaints to CCSD regional personnel regarding IEP documentation and receiving unfounded complaints and scrutiny from CCSD administrators regarding her classroom management after making said complaints." [Dkt. No. 1, ¶¶ 49 & 58.]

In arguing that Ms. Wolfe has not alleged sufficient allegations supporting causation, CCSD, again, improperly asks this Court to evaluate the veracity of Ms. Wolfe's allegations and to construe any inferences against Ms. Wolfe. Specifically, CCSD argues, "Here, Plaintiff's administrators clearly had no issue with the activity in which Plaintiff engaged, as evidenced by Plaintiff's allegation that Mrs. Duggins-Tetlow direct Plaintiff to communicate her concerns directly to Keller administration and/or Mr. Tawresey." [Dkt. No. 5, p. 8.] This argument, however, asks this Court to ignore the other obvious inference, construed in favor of Ms. Wolfe, that the fact that CCSD met with Ms. Wolfe three days after she engaged in protective activity in order to reprimand her was directly related to the subject matter of the complaint, not the audience to whom the complaint was made. CCSD further urges this Court to find that the October 15, 2021, meeting was not a reprimand at all, in spite of Ms. Wolfe's clear allegations to the contrary. Again, evaluating the veracity of Ms. Wolfe's allegations is not the proper standard of review at this stage of the proceedings. This Court should decline CCSD's invitation to do so and deny the Motion.

Finally, CCSD argues that Ms. Wolfe failed to timely assert her claims because, per CCSD's reasoning, the only conceivable adverse employment action was the October 15,

2021, meeting in which she was reprimanded for engaging in protected activity, and Ms. Wolfe did not file her EEOC Charge of Discrimination until June 24, 2022. But CCSD ignores the allegations concerning CCSD's conduct in February 2022 and March 2022, which ultimately forced Ms. Wolfe to resign in May 2022. In cases of ongoing retaliation or harassment, like Ms. Wolfe's, a claimant can file an EEOC claim within 180 days of the last incident of harassment. 42 U.S.C.A. § 2000e-5(e)(1). Here, Ms. Wolfe alleges that she was reprimanded for her ongoing complaints in March 2022 and, ultimately, was compelled to resign in May 2022. [Dkt. No. 1, ¶¶ 38, 41.] This is within 180 days of the filing of her EEOC Charge of Discrimination. [Dkt. No. 1, ¶ 42.] As such, Ms. Wolfe's claims are timely. The Court should also reject CCSD's argument on this point and deny the Motion.

**B.    PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT IF THE COURT IS INCLINED TO GRANT ANY PART OF THE MOTION.**

In the event this Court is inclined to grant any portion of the Motion, Ms. Wolfe requests leave to amend her Complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). This presumption in favor of leave to amend aligns with the Rule's underlying purpose of advancing decisions on the merits, rather than pleadings or technicalities. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also* Fed. R. Civ. P. 15(a).

Thus, leave to amend should not be denied in the absence of strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "The consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 (quotation and citation omitted). No prejudice would come to Defendant in this case if leave to amend were granted,

and no other factor applies. Accordingly, in the event this Court finds either of Ms. Wolfe's causes of action insufficient, leave to amend or an opportunity to seek leave to amend is respectfully requested.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion to Dismiss in its entirety, or, alternatively, allow Ms. Wolfe to amend her Complaint to remedy any deficiencies therein as identified by this Court.

DATED this 19th day of December, 2022.

                              **THE BACH LAW FIRM, LLC**

By  */s/ Jason J. Bach*
    Jason J. Bach
    Nevada Bar No. 7984
    7881 West Charleston, Suite 165
    Las Vegas, Nevada 89117
    Telephone: (702) 925-8787
    Facsimile: (702) 925-8788
    Email: jbach@bachlawfirm.com
    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing ***PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS*** with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system on the 19th day of December, 2022.

☒  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐  I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:     N/A

                                      */s/ Sandra Herbstreit*
                                    an employee of The Bach Law Firm, LLC